**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**ST. CHARLES CONDOMINIUM HOMEOWNERS ASSN., INC.**                    **PLAINTIFF**


**V.**                                                **CIVIL ACTION NO.1:06CV632 LTS-RHW**


**LANDMARK AMERICAN INSURANCE COMPANY**                         **DEFENDANT**


**MEMORANDUM OPINION AND ORDER ON DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT**

The Court has before it Defendant Landmark American Insurance Company's (Landmark) Motion for Summary Judgment on the plaintiff's claims for extracontractual and punitive damages [33].

This action involves property damage that occurred during Hurricane Katrina. There are issues of causation as well as issues of damages.  Landmark's follow-form policy provides excess coverage, and excludes flood damage.  The plaintiff's primary wind insurance policy limits ($1,000,000) have been paid.  The plaintiff has also collected $5,200,000 in flood insurance benefits.  Landmark's excess policy has liability limits of $5,992,973.

The plaintiff contends that the defendant has not acted in good faith with respect to its obligations under the excess policy.  Applicable Mississippi law requires that the plaintiff's claim for punitive damages be tried separately from the issues of contractual liability and actual damages. §11-1-65 Miss. Code Ann. (1972).

At this juncture I will deny Landmark's motion for summary judgment.  The question whether Landmark acted reasonably in adjusting the plaintiff's claim is a fact-intensive inquiry, and I cannot say that the record before me is devoid of evidence that may, considered in the light most favorable to the plaintiff, provide some support to the plaintiff's theory of recovery.

The denial of Landmark's motion at this point should not be understood as an expression of the Court's opinion on the merits of the plaintiff's claims for extracontractual damage or for punitive damages.  The plaintiff's ultimate burden of proof with respect to these types of damages is a heavy one, but I cannot say that the evidence in this record establishes Landmark's right to judgment on these issues as a matter of law.  Accordingly, Landmark's Motion for Summary Judgment [33] is hereby **DENIED**.

**SO ORDERED** this 19th day of July, 2007.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE